■ In the Matter of WAGSTAFF REALTY CORP., Petitioner, v ROBERT F. FLACKE, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Environmental Conservation, dated April 29, 1982, which found that petitioner had violated a condition of a dredging permit and assessed a civil penalty in the amount of $1,000. Determination confirmed and proceeding dismissed on the merits, with costs. Based upon a reading of the entire record, we find that the determination under review is supported by substantial evidence and accordingly, it is confirmed (see *Matter of Purdy v Kreisberg,* 47 NY2d 354, 358). We have considered petitioner's remaining contentions and find that they do not warrant the annulment of the determination. Mangano, J. P., Brown, Rubin and Boyers, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ASHER, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Houston, J.), rendered May 14, 1982, convicting him of attempted robbery in the first degree, attempted robbery in the second degree, criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree (three counts) and criminal use of a firearm in the second degree (three counts), upon his plea of guilty, and imposing sentence. Judgment modified, on the law, by reversing the convictions of criminal possession of a weapon in the second degree (three counts) and vacating the sentences imposed thereon, and the said counts of the indictment are dismissed. As so modified, judgment affirmed, and case remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). As argued by defendant and conceded by the People, the counts of the indictment charging defendant with criminal possession of a weapon in the second degree are defective because of the failure to charge that the weapons were possessed "with intent to use the same unlawfully against another" (see Penal Law, § 265.03). Accordingly, said counts of the indictment are dismissed. We have considered defendant's other contentions and find them to be without merit. Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.